UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DELASHUN BAGGETT,

    Plaintiff,

        v.                        CAUSE NO. 3:26-CV-115-PPS-JEM

ENGLISH,

    Defendant.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint alleging he is in imminent danger because he has been threatened and attacked by both inmates and guards. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett is suing the IDOC and Warden English. The IDOC is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Warden English has both the authority and the responsibility to ensure that Baggett is protected from attack as required by the Eighth Amendment. *See Gonzalez v.*

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). IDOC will be dismissed, but Baggett will be allowed to proceed on an official capacity claim for permanent injunctive relief against Warden English.

Baggett is housed at the Miami Correctional Facility. He asks to be transferred to a different prison for protection. I will require a response from Warden English, but "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed

and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Thus, Warden English might decide to transfer Baggett if he decides that is the least intrusive means of protecting him, but the PLRA places a high bar on my ordering that relief.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Warden English in his official capacity to obtain permanent injunctive relief to protect him from attack by inmates and guards as required by the Eighth Amendment;

(2) DISMISSES IDOC;

(3) DIRECTS the clerk to separately docket the complaint as a motion for a preliminary injunction;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from Warden English by emailing the Indiana Department of Correction with a copy of this order and complaint (ECF 1);

(5) DIRECTS the clerk to email a copy of the same documents to Warden English at the Miami Correctional Facility;

(6) ORDERS the Warden English to file and serve a response to the preliminary injunction, as soon as possible, but not later than **February 20, 2026**, (with supporting documentation and declarations from other staff as necessary) describing and explaining how Delshaun Baggett is being protected from attack by inmates and guards; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden English to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: February 4, 2026.

                                             /s/   Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT